# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | No. 3:17cv1193 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **RICHARD C. ANGINO; ANGINO** | : | |
| **LAW FIRM, P.C.** formerly known | : | |
| as Angino & Rovner; and | : | |
| **GLORIA TROSTLE,** as | : | |
| administratrix of the Estate | : | |
| of David A. Trostle, | : | |
| **Defendants** | : | |
| ............................................................................ | | |
| | : | |
| **BIO-MEDICAL APPLICATIONS** | : | |
| **OF PENNSYLVANIA, INC.,** | : | |
| **Interpleader Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA;** | : | |
| **CENTERS FOR MEDICARE AND** | : | |
| **MEDICAID SERVICES; RICHARD** | : | |
| **C. ANGINO, ESQUIRE; ANGINO** | : | |
| **LAW FIRM, P.C.** f/k/a Angino & | : | |
| Lutz P.C. f/k/a Angino & Rovner, | : | |
| P.C.; **GLORIA TROSTLE,** | : | |
| Individually and as Administratrix | : | |
| of the ESTATE OF | : | |
| **DAVID A. TROSTLE,** | : | |
| **Interpleader Defendants** | : | |

## **MEMORANDUM**

Before the court for disposition is the Interpleader Plaintiff Bio-Medical Applications of Pennsylvania, Inc.'s motion for interpleader deposit under 28 U.S.C. § 1335. The matter has been fully briefed and is ripe for disposition.

## Background[1]

This case has its genesis in a personal injury lawsuit filed by David Trostle, who is now deceased. In that case, Trostle alleged that a pharmacy dispensed improper drugs to him. The drugs caused him to need extensive medical treatment. Medicare, his insurer, paid $84,353 for the treatment. Then, Trostle filed suit against the pharmacy and the Interpleader Plaintiff Bio-Medical Applications of Pennsylvania, Inc. (hereinafter "Interpleader Plaintiff" or "Bio-Medical"). Defendants Richard Angino, the Angino Law Firm, f/k/a Angino and Rovner (hereinafter the "Angino Defendants") represented Trostle in the personal injury lawsuit. That case settled for $225,000.

Medicare then calculated the amount owed by Trostle on the $84,353 it had paid for the treatment. After deducting its share of the attorney's fees, Medicare calculated that the Medicare lien that Trostle owed was $53,295, plus interest if it was not paid within sixty (60) days.

Trostle challenged the calculation of the Medicare lien through the Medicare administrative process, and was once again represented by the Angino Defendants. Evidently, the administrative review process was never exhausted and Medicare's determination of the amount allegedly became final.

---

[1] We have dispensed with citations to the record for this procedural/factual background as it appears the parties generally agree as to the background.

Regardless, Defendant Gloria Trostle, Administratix of the Estate of David A. Trostle, later filed suit in federal district court challenging Medicare's determination. The court dismissed the case finding that the administrative remedies had not been timely exhausted. The Third Circuit Court of Appeals affirmed this decision.

Thus, Plaintiff United States of America argues that the determination that it is owed $53,295 is now final and binding on the defendants. Defendants indicated to plaintiff that they were not agreeable to trying to resolve the matter by settlement and the plaintiff as a result filed the instant action. Plaintiff argues that because it had to file suit to collect the amount owed, that it no longer must pay for its share of attorney's fees. The total owed now is the original $84,353 plus interest, which it indicates brings the total to over $100,000.

The defendants argue that they do not owe more than the original amount less attorneys fees, for a total of $53,295. The Angino Law Firm hold a portion of this amount, $19,699.16, in escrow and the Interpleader Plaintiff has the remainder, $33,750. The defendants argue that if it is determined that more is owed than the $53,295 originally calculated by the United States, then the defendants from the original lawsuit, including Interpleader Plaintiff Bio-Medical, are responsible for it.

3

Interpleader Plaintiff Bio-Medical argues that it has done everything it could to adhere to the release agreement from the original lawsuit and to protect the government's interest in the Medicare lien.  Thus, it cannot be held liable for more than its original settlement portion.  If more is now owed to the government it is strictly due to the actions of the defendants and they, not Bio-Medical, should be held liable for it.

To that end, Interpleader Plaintiff filed the instant motion.[2]  It seeks to deposit with the court $33,730, its share of the Medicare Lien from the original settlement.  It then seeks to be dismissed with prejudice from the case.   It claims no interest in the money and seeks to have the court determine who it should go to, the plaintiff or defendant.  The Angino Defendants oppose the motion, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction over this motion as it involves an interpleader action pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1346; 42 U.S.C. § 1395y(b); and 42 C.F.R. Pt. 411.

**Discussion**

Plaintiff moves for interpleader deposit pursuant to 28 U.S.C. § 1335.  This statute provides in pertinent part:

---

[2] Originally, Interpleader Plaintiff filed a separate cause of action for interpleader, which was then consolidated into this action.

4

> The district courts shall have original jurisdiction of any civil action of interpleader . . .filed by any . . . corporation . . having in . . its custody or possession money or property of the value of $500 or more. . . if . . [t]wo or more adverse claimants, or diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . and if (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court[.]

28 U.S.C. § 1335.

The Third Circuit Court of Appeals has explained interpleader as follows:

> The equitable remedy of interpleader allows a person holding property to join in a single suit two or more persons asserting claims to that property. The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability. Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings. The competing claimants are left to litigate between themselves. The result is a win-win situation. The stakeholder avoids multiple liability. The claimants settle their dispute in a single proceeding, without having to sue the stakeholder first and then face the difficulties of finding assets and levying execution.

Metropolitan Life Ins. v. Price, 501 F.3d 271, 275 (3d Cir. 2007),

Thus, generally, interpleader applies where the interpleading party has property or money and knows that it is not entitled to the property or money. Several other entities, however, claim to be entitled to it. The interpleader places the money with the court and allows the others to decide who is entitled to it. If that were the case here, then granting the motion for interpleader would be

5

appropriate. A review of the facts of the case, however, reveals that interpleader is not applicable in the instant case.

The Interpleader Plaintiff has in its possession $33,750 that it seeks to deposit with the court. To be proper under the interpleader rule, two or more adverse claimants must assert entitlement to the money. Here, no such disagreement exists; it is generally agreed that the money should go to the United States for the Medicare lien. The question that remains is whether more is owed to the United States, and potentially, which party is liable for that extra amount. Interpleader Plaintiff does not seek to place the money with the court for two parties to litigate who is entitled to it. It wants a ruling that it owes no more than the amount it is willing to deposit with the court. Accordingly, this situation is not appropriate for the interpleader procedure. The motion for interpleader will be denied.

It appears that at present the only role that the Interpleader Plaintiff has played in this litigation was to file the complaint in interpleader which was later consolidated into this case. Then after the consolidation, the Interpleader Plaintiff filed a motion for interpleader. That is their only role. They are not a plaintiff or defendant in the case originally docketed at 3:17cv1193. Accordingly, with the denial of their motion for interpleader, they will be dismissed from the

case without prejudice to a party joining them if proper circumstances for such joinder arise.

**Date: May 11, 2018**						**BY THE COURT:**

								**s/ James M. Munley**
								**JUDGE JAMES M. MUNLEY**
								**United States District Court**